UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SARAH MURRAY,                         :
    Plaintiff,                        :
                                      :
V.                                    :   Case No. 3:08-CV-1729(RNC)
                                      :
MITSUBISHI MOTORS OF                  
NORTH AMERICA, INC., et al.,          :
    Defendants.                       :

## RULING AND ORDER

Both defendants have moved to dismiss this action as a sanction for failure to comply with court orders and for spoliation of essential evidence. For reasons explained below, dismissal is an appropriate sanction for plaintiff's prolonged failure to comply with an order requiring her to provide expert reports and a damages analysis. The motions to dismiss are therefore granted.

Background

On November 14, 2008, plaintiff brought this action to recover damages for personal injuries she sustained as a result of a one-car accident that occurred three years before. Defendants are Mitsubishi Motors of North America, which made the car involved in the accident, and Bridgestone/Firestone, which made the tires on the car. The complaint alleges that the accident was caused by defects in the car and tires. The car and tires were disposed of before this action was brought.

On April 30, 2009, the Court issued a tailored scheduling

order requiring the plaintiff to provide a damages analysis by June 15, 2009, and disclose expert reports by August 15, 2009. Plaintiff did not comply with either deadline or seek an extension of time. During a telephone conference on September 15, 2009, plaintiff's counsel represented that experts would be disclosed within four weeks. No disclosure was forthcoming, however. During a telephone conference on February 10, 2010, plaintiff's counsel was reminded that further noncompliance could result in dismissal. As of today, plaintiff still has yet to disclose an expert witness or damages analysis.

Discussion

Rule 37(b)(2)(A)(v) provides that dismissal may be an appropriate sanction for failure to obey a discovery order issued under Rule 26(f). The tailored scheduling order of April 30, 2009 – with which plaintiff has yet to comply – issued under Rule 26(f), so Rule 37(b) sanctions are available.

The following factors guide the Court's selection of an appropriate sanction: (1) the extent to which plaintiff's noncompliance has prejudiced the defendants; (2) the willfulness of the noncompliance; (3) the efficacy of lesser sanctions; (4) the duration of plaintiff's noncompliance; and (5) whether the plaintiff was on notice that further noncompliance would result in dismissal. See Passe v. New York City Dept. of Corrections, 2010 WL 1976689, *1 (2d. Cir. May 18, 2010).

2

Each of these factors weighs in favor of dismissal. Plaintiff's failure to disclose experts and provide a damages analysis prejudice the defendants by preventing them from preparing a defense to her claims. Her noncompliance with the tailored scheduling order is not inadvertent. She has been in noncompliance for a year, despite reminders that her disclosures were overdue. Plaintiff's counsel was warned by the Court six months ago that continued noncompliance could result in dismissal.

Conclusion

Accordingly, the motions to dismiss are hereby granted. If plaintiff wishes to reopen the case, she must file and serve a motion to reopen on or before September 13, 2010. The motion must be accompanied by (1) a memorandum of law and affidavit of counsel showing why the action should be reopened, (2) one or more expert reports and (3) a damages analysis. Unless a motion is filed in compliance with this order, the dismissal will be with prejudice.

So ordered this 13th day of August 2010.

/s/
Robert N. Chatigny
United States District Judge